IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01712-MSK-MEH

PETER GEORGAKARAKOS,

    Plaintiff,

v.

R. WILEY, *et al.*

    Defendants.

---

# ORDER AND RECOMMENDATION ON MOTIONS TO SUPPLEMENT

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court are Plaintiff's Motion to Supplement Complaint I [docket #314] and Motion to Supplement Complaint II [docket #313]. The matters are fully briefed and oral argument would not assist me in ruling on the motions. For the reasons stated herein, the Court orders that Plaintiff's Motion to Supplement Complaint I be **granted**, and recommends that Plaintiff's Motion to Supplement Complaint II be **denied**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**I.	Background**

Plaintiff moves to supplement his Amended Complaint pursuant to Fed. R. Civ. P. 15(d) due to purported transactions or incidents that allegedly occurred since the date of the Amended Complaint.  In his Motion to Supplement Complaint I ("Motion I"), Plaintiff seeks leave to supplement his retaliation and due process claims (2 and 3) based upon Defendant Wiley's denial of Plaintiff's attempt to enter the "step-down program" in June 2008.  In addition, Plaintiff seeks to supplement claim 4 with an incident allegedly involving excessive force, which occurred in July 2008.   Defendants counter that Plaintiff's new claims are distinct in time from the existing claims and have not been fully exhausted.

In his Motion to Supplement Complaint II ("Motion II"), Plaintiff asks the Court for permission to add a claim and a defendant based upon alleged repeated recreation cancellations by the Corrections Officers' Union and the BOP, which, Plaintiff alleges, constitute a conspiracy to violate his constitutional rights.  Defendants counter that Plaintiff has failed to assert jurisdictional grounds to add the new defendant, that the new claim is not fully exhausted, and that Plaintiff has "not shown any service on the issues."

**II.	Discussion**

Rule 15(d) provides that a "court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d) (2008).  Motions to supplement are addressed to the sound discretion of the court.  *Gillihan v. Shillinger,* 872 F.2d 935, 941 (10th Cir. 1989). "The court should apply the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule 15(a)." *Southwest Nurseries, LLC v. Florists Mut. Ins., Inc.,* 266 F. Supp.2d 1253, 1256 (D. Colo. 2003).  Rule 15(a) provides that

"the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a) (2008). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

A. Motion I

Through his motion, Plaintiff seeks to supplement two claims with an event that occurred after the Amended Complaint was filed: in June 2008, Defendant Wiley allegedly refused to permit Plaintiff to participate in the step-down program, in retaliation for his religious protest, and without due process of law. Also, Plaintiff claims that, in July 2008, Defendants used excessive force against him after he protested repeated recreation cancellations. Facially, these additional claims fall directly within the purview of Rule 15(d). Defendants contend that the claims are "distinct in time" from the original claims,[2] but fail to explain why such distinction should justify denial. Likewise, Defendants' unsupported statement that Plaintiff has failed to fully exhaust these claims is insufficient to demonstrate any of the justifications for refusing leave to amend as set forth in *Frank, supra*. Therefore, Plaintiff's Motion I is granted, and his claims as set forth in docket #314 at 10-15 are hereby incorporated as supplements to the Amended Complaint.

B. Motion II

Plaintiff's motion does not allege any new events that have occurred since the filing of his Amended Complaint, but instead, seeks to add a new claim (conspiracy) involving new facts,

---

[2]The Court cannot help but remark that Defendants' skeletal argument in this regard is unpersuasive considering that Plaintiff's claims must necessarily, pursuant to Rule 15(d), be "distinct in time" in that they must involve events that occurred *after* the filing of the original complaint.

3

and a new defendant (Corrections Officers' Union) to this action. Therefore, the motion does not fall within the purview of Rule 15(d). Rather, the motion implicates Rule 20(a), which permits joinder of defendants in a single action if

> any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ... any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (2008). When making a decision whether to allow the permissive joinder of a party, a court should consider such factors as the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action. *MDM Group Assocs., Inc. v. Midgett Realty, Inc.*, No. 07-cv-02543-WDM-CBS, 2008 WL 2756926, *4 (D. Colo. July 14, 2008) (citing *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980)).

Here, there is no indication that the proposed claim arises out of the same transaction or series of transactions as in the original complaint, or that questions of law or fact common to the Defendants will arise in the action. In addition, Plaintiff has demonstrated no evidence showing that the Union is on notice of the claims against it. Moreover, there is not enough information to allow the Court to determine whether the Union's joinder in the action would have an impact on this Court's jurisdiction over the matter. Finally and most importantly, the prejudice that would inure to Defendants from the joinder of an entirely new action to this matter at this stage of the litigation (approximately one year from the date Plaintiff filed the Amended Complaint) would outweigh any benefits to Plaintiff.

**III.     Conclusion**

Accordingly, for the reasons stated above, the Court ORDERS that Plaintiff's Motion to Supplement Complaint I [filed October 6, 2008; docket #314] is **granted**, and his claims as set forth in docket #314 at pp. 10-15 are hereby incorporated as supplements to claims 2, 3 and 4 (respectively) of the Amended Complaint [docket #100].  Defendants shall file an answer or other response to the supplements **on or before December 5, 2008**.

It is further RECOMMENDED that Plaintiff's Motion to Supplement Complaint II [filed October 6, 2008; docket #313] be **denied**.

Dated at Denver, Colorado this 21st day of November, 2008.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge