IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01712-MSK-MEH

PETER GEORGACARAKOS,

    Plaintiff,

v.

WILEY, *et al.*,

    Defendants.

# MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on January 20, 2009.**

    Plaintiff's Motion for Discovery Subpoena [filed January 15, 2009; docket #469] is **granted**. Fed.R.Civ.P. 45(a)(3) states in pertinent part that "[t]he Clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service." Therefore, the Clerk of the Court shall mail to the Plaintiff, along with this Order, two subpoenas, signed but otherwise blank, which Plaintiff may complete and serve in compliance with Rule 45.

    In addition, the Plaintiff is informed that "[a] party ... responsible for issuing or serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." Fed.R.Civ.P. 45(c)(1). This Court is required to enforce this duty and to impose an appropriate sanction on a party who fails to comply. *Id.*

    Moreover, Rule 45(b)(1) requires Plaintiff to notify all the parties before he serves a subpoena requesting the production of documents, electronically stored information, or tangible things. Fed. R. Civ. P. 45(b)(1). Therefore, Plaintiff is informed that if he chooses to serve the subpoenas, he should first notify all of the parties, he should limit his requests to documents and items contemplated by Rule 45, and he should seek only information relevant to his claim.