IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01712-MSK-MEH

PETER GEORGACARAKOS,

    Plaintiff,

v.

WILEY,
CRUZ,
JAVERNICK,
COLLINS,
SUDLOW,
MADISON,
CHURCH,
LT. JOHN DOE,
HEIM,
MARTINEZ,
FENLON,
PUGH,
HOOD,
HERSCHBERGER,
BUREAU OF PRISONS,
DEPT. OF JUSTICE, and
UNITED STATES,

    Defendants.

**OPINION AND ORDER DENYING VARIOUS MOTIONS**

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for Return of Original Documents **(# 293)**; the Plaintiff's Motion to Alter Judgment **(# 294**, as supplemented **# 296)**, seeking reconsideration of aspects of the Court's September 12, 2008 Order **(# 284)**; the Plaintiff's Supplemental Motion for Summary Judgment **(# 295)**, which the Court construes as a

motion seeking reconsideration of aspects of the Court's September 12, 2008 ruling; the Plaintiff's Supplemental Motion for Preliminary Injunction **(# 297)**, which the Court construes as a motion seeking reconsideration of aspects of the Court's September 12, 2008 ruling; the Plaintiff's "Objection" **(# 362)** to an unspecified order of the Magistrate Judge denying the Plaintiff's request for appointment of counsel, the Defendants' response **(# 403)**, and the Plaintiff's reply **(# 413)**; the Plaintiff's Objections **(# 412)** to a November 17, 2008 Minute Order **(# 402)** by the Magistrate Judge denying the Plaintiff's Motion to Compel Defendant Pugh's Address **(# 363)**; the Plaintiff's "Motion to Resolve 2 Preliminary Matters Which AUSA and Magistrate Continue to Circumambulate" **(# 416)**, which the Court construes as a motion seeking clarification of the status of certain individuals sought by the Plaintiff to be named as parties; the Plaintiff's Objections **(# 423)** to the November 21, 2008 Recommendation **(# 408)** of United States Magistrate Judge Michael E. Hegarty that the Plaintiff's Motion to Supplement **(# 313)** the Amended Complaint **(# 100)** be denied; the Plaintiff's Motion for Summary Judgment **(# 454)**, the Defendants' response **(# 459)**, and the Plaintiff's reply **(# 463)**; the Defendants' Motion to Strike **(# 458)** the Plaintiff's Motion for Summary Judgment **(# 295, 327)**; the Plaintiff's Motion to Strike **(# 462)** the Defendants' Motion to Strike **(# 458)**; the Plaintiff's Motion to Amend **(# 499)** his Supplemental Motion for Preliminary Injunction **(# 297)**; the Plaintiff's "Motion for Court to Order Court Officers to Assist Plaintiff In Serving Subpoenas" **(# 501)**; the Plaintiff's Motion to Add Defendant Zohn **(# 506)**; and the Plaintiff's Motion to Suppress Deposition **(#507)**.[1]

---

[1] The Court's records show that Docket # 128, the Plaintiff's "Motion for Judicial Estoppel of Defense," remains pending. In its September 12, 2008 Order **(# 284)**, the Court treated that filing as a response by the Plaintiff to a motion by some Defendants, not an

**FACTS**

The Court extensively discussed the underlying facts and the claims in the Amended Complaint **(# 100)** as part of its September 12, 2008 Order, and that recitation is deemed incorporated herein. Greatly summarized, the Plaintiff, an inmate of the Federal Bureau of Prisons ("BOP"), currently housed at the Administrative Maximum Facility ("ADX") at Florence, Colorado. The Plaintiffs' Complaint raises a variety of *Bivens*-type claims relating to the conditions of confinement at ADX, the BOP's refusal to transfer him to a lower-security institution, and various BOP policies, among other things.

Many of the motions currently at issue relate to the Court's September 12, 2008 Order **(#284)**, which adjudicated nearly a dozen motions, most filed by the Plaintiff. Among other things, the September 12, 2008 Order: (i) dismissed claims against certain former Defendants for lack of personal jurisdiction; (ii) generally addressed the timeliness of the Plaintiff's claims; (iii) denied the Plaintiff's motion for a preliminary injunction that directed his transfer out of ADX and into a lower-security facility; and (iv) denied the Plaintiff's Motion for Summary Judgment as insufficiently directing the Court to the relevant portions of a 700-800 page appendix.

The Court will address the specific issues raised in each motion as part of its analysis, and will group the pending motions thematically, rather than chronologically.

**ANALYSIS**

**A. Standard of review**

In considering the Plaintiff's filings, the Court is mindful of his *pro se* status, and

---

independent request for relief. Accordingly, the Clerk of the Court is to modify the docket to reflect the denial of Docket # 128 pursuant to the Court's September 12, 2008 Order.

accordingly, reads his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).
However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

**B. Motions for reconsideration**

In Docket # 294, the Plaintiff seeks reconsideration of three aspects of the Court's September 12, 2008 Order, arguing: (i) that dismissal of claims against the non-Colorado defendants will result in the existing Defendants shifting blame to the dismissed Defendants and vice-versa, thereby making it impossible for the Plaintiff to prevail; (ii) that the Court erred in refusing to toll the statute of limitations on his present claims to the date of his filing of a prior civil action that was dismissed on grounds since reversed by the Supreme Court; and (iii) the Court erred in finding that his claims accrued sometime prior to the date upon which he exhausted his available administrative remedies, and thus, his claim of religious discrimination should be deemed timely. Docket # 296 supplements this motion, adding an additional ground for reconsideration: that the Plaintiff has pursued his claims diligently and in good faith, and thus should be entitled to relief from the statute of limitations under the doctrine of equitable tolling.

Docket # 295 seeks reconsideration of the Court's denial of the Plaintiff's Motion for

Summary Judgment in the September 12, 2008 Order. The Plaintiff contends that such denial was an "extraordinary ruling that because the appendix is massive, [the Court] will use that as an excuse not to even read the motion, even though it is self-contained and thus not dependent on the supplemental evidence." The instant motion then essentially re-raises the same arguments presented in the Plaintiff's previous summary judgment motion. Notably, like the earlier motion, the Plaintiff's current motion does not specifically identify the evidentiary material supporting each argument, nor supply a citation to the appropriate page number of that evidence in the 700-800 page appendix submitted by the Plaintiff.

Docket # 297 "restate[s] the case for an injunction," effectively requesting reconsideration of that part of the September 12, 2008 Order that denied the Plaintiff's motion for a preliminary injunction. In particular, the Plaintiff alleges that the September 12, 2008 Order was in error insofar as: (i) the Court mistakenly assumed that an ADX inmate would be discharged from the "control unit" into a "general population" unit before being transferred out of the facility when, in fact, the "control unit is a totally self-contained program and the only way out is to be discharged . . . upon successful completion of the program"; (ii) the Court erred in finding that BOP policies governing transfer out of ADX did not contain mandatory language requiring a transfer, when, in fact, Program Statement 5700.08 states that "Ordinarily, inmates completing the ADX Florence program will be transferred"[2]; (iii) the Court erred in concluding that completion of the "step down" program was a prerequisite to transfer out of ADX when, in fact, completion of the control unit program entitles an inmate to a transfer even without having

---

[2]The Plaintiff contends that "The only time 'ordinarily' has not been applied, from the day the control unit opened to this one, has been for gang membership, protective custody, and in one case – Plaintiff's religion."

completed the "step down" program; (iv) the Court failed to acknowledge that ADX is a Level 6 "Supermax" institution, not a Level 5 "high security" institution; (v) the Plaintiff is entitled to a preliminary injunction by virtue of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.*, in that he has shown that his confinement in ADX "substantially burdens" his religious practice and that the Defendants have not shown a compelling reason for doing so (and, in fact, has discriminated against the Plaintiff in favor of similarly-situated Muslim inmates); (vi) the Defendants have not carried their burden of offering a non-discriminatory explanation for the Plaintiff's treatment as required by *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973); and (vii) that the Defendants have failed to produce a "referral packet" as required by BOP Program Statement 5100.08, thereby establishing that the Plaintiff's confinement is in violation of the Due Process clause of the 5th Amendment to the United States Constitution. [3]

Fed. R. Civ. P. 59(e), 60(b), and the Court's inherent authority all permit the Court, in appropriate circumstances, to revisit and revise its rulings if necessary, prior to the entry of final judgment *Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005). The timeliness of the motion determines whether it is analyzed under Rule 59(e) – if filed within 10 days of the entry

---

[3]In a subsequent filing at Docket # 499, the Plaintiff seeks to supplement his preliminary injunction motion with allegations contained in Docket # 484, a "second supplemental motion for preliminary inunction." The Magistrate Judge denied Docket # 484 by Order dated January 28, 2009, finding it duplicative of the preliminary injunction motion at Docket # 297. The Plaintiff has not timely sought review of the Magistrate Judge's January 28, 2009 Order, and thus, that Order conclusively resolves Docket # 484. Ultimately, whether Docket # 499 is granted – treating Docket # 484 as supplement to (or, consistent with the Magistrate Judge's findings, a duplication of) the preliminary injunction motion – is irrelevant, as the Plaintiff's filings, individually or in concert, fail to establish the requisite elements for provisional injunctive relief. Accordingly, Docket # 499 is denied as moot.

of the judgment or order – or Rule 60(b) – if filed later than 10 days. *Id., citing Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). Here, the Plaintiff's motions were all filed within 10 days after the entry of the September 12, 2008 Order, and thus, the Court analyzes them under Fed. R. Civ. P. 59(e). Grounds for relief under Fed. R. Civ. P. 59(e) include an intervening change in the controlling law, newly-discovered evidence, or the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 910th Cir. 2000). However, it is not an appropriate vehicle to revisit or re-argue issues that were or could have been presented in earlier proceedings. *Id.*; *FDIC v. United Pacific Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir.1998); *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir.1991).

The Court denies all of these motions. In many respects, the motions raise arguments that have already been considered and rejected by the Court. *See e.g. Docket #* 284 at 19-22 (considering and rejecting various arguments for tolling the statute of limitations), at 36 (acknowledging various arguments by Plaintiff, including the "Level 5/Level 6" issue and invocation of *McDonnell-Douglas*), at n. 18 (acknowledging Plaintiff's argument that "control unit" and "step down" are discrete programs). In other respects, the Plaintiff's assignations of error are founded on incorrect or incomplete readings of the September 12, 2008 Order. *Id.* at 43-44 (explaining Plaintiff's obligation, as summary judgment movant, to "identify, with particularity and by page, [the evidence] that is probative of a particular factual assertion"). A handful of arguments raised by the instant motions are ones that were not previously presented to the Court – *e.g.* the RLUIPA argument, the contention involving the "referral packet." However, these arguments could have been raised previously by the Plaintiff, and thus, they are not proper

7

grounds for reconsideration.⁴ In any event, the Court has considered the various arguments raised by the Plaintiff's motions and finds that none of them demonstrate clear error or the need to prevent manifest injustice. Accordingly, all of the motions seeking reconsideration are denied.

**C. Motion to Amend/Clarification of parties**

The Plaintiff objects **(# 423)** under Fed. R. Civ. P. 72(b) to a Recommendation **(# 408)** by the Magistrate Judge that his Motion to Amend **(# 313)** be denied. That motion sought to add a new claim against a new defendant – specifically, that proposed defendant Correctional Officer's Union routinely deprived the Plaintiff of recreational opportunities by understaffing (and thereby forcing the cancellation of) scheduled recreation sessions in an attempt to force the Warden to grant more overtime opportunities. The Plaintiff alleges that this constitutes a violation of RICO, 18 U.S.C. § 1961 *et seq.*⁵ In recommending that the motion be denied, the Magistrate Judge found that the new claim did not arise out of the same set of facts as those currently at issue, that the Plaintiff has not shown that the Union has had notice of the potential claims, that the Plaintiff has failed to show the jurisdictional impact that adding the Union as a defendant

---

⁴To the extent that the Plaintiff contends that the issue regarding the referral packet was not apparent until some point during discovery, when the Defendants refused to produce the packet or acknowledged that it did not exist, an argument could be made that this issue indeed turns on "newly-discovered evidence" and is a proper subject for reconsideration. Nevertheless, upon reconsideration, the Court would adhere to its earlier ruling. The Plaintiff has failed to explain how the Defendants' inability (or refusal) to produce the referral packet necessarily warrants the conclusion that the packet would have supported the Plaintiff's theory of religious discrimination, much less show that the unavailability of the packet somehow constitutes a Due Process violation.

⁵The Plaintiff's proposed amendment to the Complaint makes reference to a conspiracy to violate his civil rights under 42 U.S.C. § 1985, but his Objections make clear that he only contemplates the new claim as arising under RICO.

might have, and, most importantly, that the new claim was untimely, being tendered more than a year after commencement of the action.

The Plaintiff's Objections argue: (i) that the proposed RICO claim is related to the Plaintiff's other claims involving the conditions of his confinement; (ii) that "because Defendant Wiley is a direct and necessary element of the RICO charge – i.e. the 'labor dispute' at the heart of the claim is between Wiley and the Union – it is likely that only within this case can this issue be fully and fairly litigated"; (iii) trial of this matter will necessarily involve what the Plaintiff contends are two essential elements of a RICO claim: knowledge of the corrupt enterprise's activities and an agreement to facilitate those activities; and (iv) there is no prejudice to the Defendants because the pretrial conference in this case is not scheduled until June 2009 and because the Union is a "corporate entity in Colorado already represented by a legal team," and because the "benefit of hashing out all these claims in a single, integrated process far outweighs any possible benefit of separate processes involving the same players."

Because the Magistrate Judge's recommendation is dispositive as to the new claim the Plaintiff seeks to assert, the Court reviews the objected-to portion of the Recommendation *de novo*. Fed. R. Civ. P. 72(b). Leave to amend a pleading is to be "freely granted." Fed. R. Civ. P. 15(a). The Court should only deny leave to amend where it finds bad faith, undue delay resulting in prejudice, or where the new claims sought to be added are futile. *Beerheide v. Zavaras*, 997 F.Supp. 1405, 1409 (D. Colo. 1998), *citing Foman v. Davis*, 371 U.S. 178, 182 (1962). Futility exists where the claims sought to be added would nevertheless be subject to dismissal for failure to state a cognizable claim under Fed. R. Civ. P. 12(b)(6). *Anderson v. Merrill Lynch Pierce Fenner & Smith, LLC*, 521 F.3d 1278, 1288 (10th Cir. 2008).

9

Upon a *de novo* review, the Court agrees with conclusion reached by the Magistrate Judge, partly on the same grounds and partly on additional grounds. The Court agrees with the Magistrate Judge that the proposed amendment reflects undue delay by the Plaintiff. As the Magistrate Judge noted, this case had been pending for more than a year before the Plaintiff sought leave to add the new claim. The Plaintiff's motion to amend specifically states that the Union "has for years engaged in" the challenged practices . *Docket* # 313 at 2. Thus, there is no reason why the Plaintiff could not have raised this claim earlier.[6] Moreover, although the deadlines in the case have changed somewhat since the Magistrate Judge's Recommendation, *compare Docket #* 292 (setting discovery deadline of January 2, 2009) *with Docket* # 445 (extending discovery deadline to March 2, 2009), the effect of the Plaintiff's undue delay in seeking amendment does not alter the calculus. Whether one measures the matter from the date of the Plaintiff's motion to amend to the deadlines in place at the time of the Magistrate Judge's Recommendation, or measure from the date of the Plaintiff's November 28, 2008 Objections to the current discovery deadline, the fact remains that granting the Plaintiff's proposed amendment – an entirely new claim against an entirely new defendant, concerning conduct that has spanned "years" – will certainly require more discovery than could be completed in the roughly 90 days remaining for discovery. Thus, granting leave to amend now would disrupt the existing

---

[6]The Plaintiff's motion to amend appears to argue that although the Union's practice has been going on for "years" and the nature of "this labor dispute has been well published," it was only recently that corrections officers have begun encouraging inmates to file grievances with the Warden over the missed recreational opportunities as an additional point of leverage. This argument misses the mark: the crux of the Plaintiff's challenge is that the denial of the recreational opportunities is an unconstitutional condition of confinement. The reasons why the Union procures the cancellation of the recreational opportunities, or the means by which they do it, are irrelevant to the question of whether the terms of the Plaintiff's confinement are constitutional.

Scheduling Order and further delay resolution of this matter. For this reason alone, the Court agrees with the Magistrate Judge that the Plaintiff's undue delay in asserting the new claim warrants denial of the request to amend.

Moreover, the Court would also affirm the Recommendation on independent grounds: namely, that the proposed amendment is futile. The Plaintiff's Objections make clear that he views the proposed new claim as arising only under RICO. Among other things, stating a RICO claim requires the Plaintiff to allege that a defendant has engaged in two or more acts of "racketeering activity." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 838 (10th Cir. 2005). "Racketeering activity" is defined in 18 U.S.C. § 1961(1) to include a wide variety of criminal acts including violent crimes, criminal fraud, and certain financial crimes, among others. However, the Plaintiff's proposed RICO claim does not clearly identify any action by the Union that could fall within the broad statutory definition of "racketeering activity." At best, the Plaintiff alleges only that the Union's members are engaging in a concerted labor action which is having detrimental collateral consequences on ADX inmates. In the absence of sufficient allegations of criminal "racketeering activity" as defined by 18 U.S.C. § 1961(1), the Plaintiff's proposed RICO claim is deficient as a matter of law and granting leave to amend the complaint to assert it would be futile.

Accordingly, the Court overrules the Plaintiff's Objections and adopts the Magistrate Judge's Recommendation that the Plaintiff's motion to amend be denied.

The deadline for amendment of pleadings has now passed, *see Docket* # 292 (setting deadline for amendment of pleadings for October 31, 2008), and having disposed of the last remaining motion directed at the pleadings in this case, the Court can now turn to motions by the

11

Plaintiff seeking clarification of the status of certain individuals as parties. In Docket # 416, the Plaintiff requests clarification as to whether individuals named Clark, Bailey, and Zohn are parties to this action. To ascertain whether each of these individuals is a party, the Court first examines the Amended Complaint **(# 100)**. Neither the caption of that document, the listing of parties, or the narrative of the claims makes specific mention of a Clark, Bailey, or Zohn as Defendants. Next, the Court considers any amendments or supplementation of the Amended Complaint that have been permitted. By Order dated November 21, 2008 **(# 408, 409)**, the Magistrate Judge granted the Plaintiff's Motion to Supplement **(# 314)** the Amended Complaint with regard to the allegations in pages 10-15 of that motion. The Court has reviewed the cited pages of Docket # 314 and finds no reference to persons named Clark, Bailey, or Zohn. The Court is aware of no other amendments to the pleadings that have been permitted, and accordingly, the Court finds that individuals named Clark, Bailey, and Zohn are <u>not</u> Defendants in this case.[7]

---

[7]At Docket # 506, the Plaintiff Moves to "Add Defendant Zohn" to this action. This motion alleges that in November 2007, the Plaintiff moved to supplement his complaint as of right, given that no Answer had yet been filed, to add Paul Zohn as a defendant. The Plaintiff states that "for some reason, Zohn was never added to this action, though everyone insists that the Complaint is 'Amended.'"

Clarification of this issue can be found at Docket # 361, a November 2, 2008 motion by the Plaintiff "for Magistrate to Amend Complaint Consistently With His Assertion It Is Amended." In that motion, the Plaintiff stated that he had sought to add defendants Bailey and Zohn as parties "a year ago," and that "the Magistrate failed to add these Defendants." "If the Complaint is Amended," the Plaintiff writes, "then Bailey and Zohn are Added as Defendants." By Order **(# 371)** dated November 5, 2008, the Magistrate Judge denied the Plaintiff's motion at Docket # 361, explaining that the Plaintiff filed an Amended Complaint as of right on November 28, 2007, and that Amended Complaint **(# 100)** is the operative pleading in the case. The Plaintiff did not timely seek review of this Order by the Magistrate Judge, and thus, it is now conclusive.

Thus, the Plaintiff's motion at Docket # 506, to add Mr. Zohn as a defendant, is denied. As mentioned above, the Plaintiff did not name Mr. Zohn in his Amended Complaint, filed on

Accordingly, the Plaintiff's "Motion to Resolve 2 Preliminary Matters . . ." is granted in part, insofar as the Court clarifies that Clark, Bailey, and Zohn are not parties in this action.

D. **Motion for summary judgment**

The Plaintiff has filed a "Motion for Entry of Summary Judgment" **(# 454)**, which simply requests that the Court grant his summary judgment motion at Docket # 295. Thereafter, the Defendants moved to "strike" the summary judgment motion at Docket # 295, on the grounds that it violates D.C. Colo. L. Civ. R. 56.1(A) and the format requirements in the Court's Practice Standards. In retaliation, the Plaintiff moves to strike **(# 462)** the Defendants' motion to strike as an untimely response to Docket # 295.

All three motions are denied. The Plaintiff's Motion for Entry of Judgment is denied, insofar as the Court has already denied the underlying summary judgment motion at Docket #295 for the reasons cited above. Both parties' motions to strike are denied, insofar as the Federal Rules of Civil Procedure do not contemplate the "striking" of a motion. *See* Fed. R. Civ. P. 12(f) (permitting striking of certain content in a "pleading"), 7(a) (differentiating "pleadings" from "motions").

E. **Remaining matters**

The Plaintiff has filed a motion **(# 293)** seeking return of any duplicate copies of his summary judgment appendix previously submitted to the Clerk of the Court. By necessity, the Clerk of the Court must maintain an original copy of that appendix for the Court's records. To the extent that the Clerk possesses additional copies of the appendix, it shall return them to the

---

November 28, 2007. To the extent Docket # 506 can be construed as a motion now seeking leave to amend the Amended Complaint, it is denied for undue delay for the reasons set forth previously.

13

Plaintiff.

The Plaintiff has filed an Objection **(# 362)** to an unspecified order of the Magistrate Judge denying the Plaintiff's request for appointment of counsel. As best the Court can determine, this Objection relates to an September 26, 2008 Order **(# 305)** of the Magistrate Judge denying the Plaintiff's "Motion for Appointment of Counsel for Purposes of Taking Discovery" **(# 300)** and/or an October 24, 2008 Order **(# 346)** of the Magistrate Judge denying the Plaintiff's Motion for Appointment of a Private Investigator **(# 338)**. In the Objections, the Plaintiff explains that he is imprisoned and subject to restrictions on his ability to make telephone calls or send non-case related mail. The Plaintiff's Objection, filed within 10 days of the Magistrate Judge's denial of the Motion for Appointment of a Private Investigator, is timely, but is untimely as to the September 26, 2008 Order. Thus, the Court reviews the Objection only with regard to the motion requesting appointment of a private investigator. This Court will reverse the Magistrate Judge's ruling on a non-dispositive motion only if that ruling is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Communications*, *Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). Accordingly, the Plaintiff's Objection will be overruled unless the Court finds that the Magistrate Judge abused his discretion or, if after viewing the record as a whole, the Court is left with a "definite and firm conviction that a mistake has been made." *Ariza,* 167 F.R.D. at 133, *citing Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir.1988).

The Magistrate Judge denied the Plaintiff's request for appointment of a private investigator on the grounds that "such request is not authorized pursuant to 28 U.S.C. § 1915." This is an accurate reading of 28 U.S.C. § 1915, which expressly provides that "the court may

request an attorney to represent any person unable to afford counsel," but makes no reference whatsoever to court appointment of investigators and other fact-gathering assistants. 28 U.S.C. §1915(e)(1); *see also Hannah v. U.S.*, 523 F.3d 597, 601 (5th Cir. 2008) (finding that plain language of § 1915 did not authorize appointment of expert witness to assist indigent litigant); *Beard v. Stephens*, 372 F.2d 685, 690 (5th Cir. 1967) (finding no authority to appoint "an officer of the court" to aid indigent litigant in taking depositions). In the absence of authority to the contrary – and the Plaintiff's Objection cites none – the Court cannot find that the Magistrate Judge's decision denying appointment of a private investigator was "clearly erroneous or contrary to law."[8] Accordingly, the Plaintiff's Objection is overruled and the Magistrate Judge's Order denying the Plaintiff's Motion for Appointment of a Private Investigator is affirmed.

The Plaintiff has filed Objections **(# 412)** to a November 17, 2008 Minute Order **(# 402)** by the Magistrate Judge denying the Plaintiff's Motion to Compel Defendant Pugh's Address **(# 363)**. The Plaintiff's motion states that although the BOP provided the address in its records for service upon former BOP employee Defendant Pugh, the Marshals have been unable to serve Defendant Pugh at that address. The Plaintiff hypothesized that "Pugh receives a pension check from the DOJ every month," and thus, the BOP must have a more accurate address for him. The Magistrate Judge denied this motion, finding that the BOP had supplied its last-known address for Defendant Pugh. The Plaintiff filed a timely Objection to this ruling, reiterating his belief

---

[8]To the extent that a request for appointment of an investigator can be said to implicitly request appointment of counsel under § 1915 (such that appointed counsel might perform the investigative functions requested), or to the extent that the Court has some inherent authority independent from § 1915 to appoint an investigator, the Court would still overrule the Plaintiff's Objections and affirm the Magistrate Judge's refusal to appoint counsel or an investigator, for essentially the reasons set forth in the Magistrate Judge's September 26, 2008 Order denying the Plaintiff's Motion for Appointment of Counsel.

15

that because Defendant Pugh receives pension checks from the Government, the BOP must have a more accurate address than the one they previously provided. The Court has reviewed the Plaintiff's Objections and Magistrate Judge's rulings under the "clearly erroneous or contrary to law" standard of Fed. R. Civ. P. 72(b), and finds no grounds to disagree with the Magistrate Judge's conclusion. The Plaintiff offers no factual basis for his hypothesis that Defendant Pugh receives a pension from the Government, and even assuming he does, the Plaintiff has not shown that that pension is administered by the BOP, as opposed to some other independent federal agency. In the absence of evidence contradicting that submitted by the BOP – that it has provided its last known address for Defendant Pugh – the Plaintiff's Objections are overruled and the Magistrate Judge's ruling affirmed.

The Plaintiff has filed a "Motion for Court to Order Court Officers to Assist Plaintiff In Serving Subpoenas" (**# 501**). That motion simply recites that "Plaintiff has no way to serve subpoenas and therefore moves the Honorable Court to instruct the proper court officers to do so." An indigent litigant is entitled to have subpoenas served by "officers of the court," which in nearly all circumstances means the United States Marshal. 28 U.S.C. § 1915(d). The preferred method for accomplishing this task is for the Plaintiff to file a motion with the Court – attaching the subpoena to be served – requesting an order that the Marshal serve the attached subpoena.[9] Alternatively, the Plaintiff may elect to contact the United States Marshal directly to arrange service of his subpoenas.

Finally, the Plaintiff moves to "suppress" the transcript of his deposition (**# 507**), on the

---

[9]This method is preferred because the Court has the opportunity to review the subpoena and deny service if the subpoena is overbroad or otherwise unduly burdensome in violation of Fed. R. Civ. P. 45(c).

grounds that the transcription is inaccurate. The Court declines to address the evidentiary value of the transcript at this stage of the proceedings, and thus, denies the motion without prejudice. However, the Plaintiff is advised that pursuant to Fed. R. Civ. P. 30(e), he is entitled to request the opportunity to make any changes to or correct any errors he finds in the deposition transcript.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Return of Original Documents **(# 293)** is **GRANTED IN PART**, insofar as the Clerk of the Court shall retain one copy of the Plaintiff's summary judgment appendix for the Court's records, and return to the Plaintiff any additional copies, if any, in the Clerk's possession. The Plaintiff's Motion to Alter Judgment **(# 294**, as supplemented **# 296)**, the Plaintiff's Supplemental Motion for Summary Judgment **(# 295)**, and the Plaintiff's Supplemental Motion for Preliminary Injunction **(# 297)** are **DENIED**. The Plaintiff's Objection **(# 362)** is **OVERRULED**, and the Magistrate Judge's October 24, 2008 Order **(# 346)** denying the Plaintiff's Motion for Appointment of a Private Investigator is **AFFIRMED**. The Plaintiff's Objections **(# 412)** are **OVERRULED**, and the Magistrate Judge's November 17, 2008 Minute Order **(# 402)** by the Magistrate Judge denying the Plaintiff's Motion to Compel Defendant Pugh's Address is **AFFIRMED**. The Plaintiff's "Motion to Resolve 2 Preliminary Matters Which AUSA and Magistrate Continue to Circumambulate" **(# 416)** is **GRANTED IN PART**, insofar as the Court clarifies that persons known as Clark, Bailey, and Zohn are not recognized by the Court as Defendants in this action, and **DENIED IN PART**, in all other respects. The Plaintiff's Objections **(# 423)** are **OVERRULED**, the Court **ADOPTS** the November 21, 2008 Recommendation **(# 408)** of the Magistrate Judge for the reasons set forth herein, and the Plaintiff's Motion to Supplement **(#**

**313)** is **DENIED**. The Plaintiff's Motion for Entry of Summary Judgment **(# 454)**, the Defendants' Motion to Strike **(# 458)** the Plaintiff's Motion for Summary Judgment, and the Plaintiff's Motion to Strike **(# 462)** the Defendants' Motion to Strike are **DENIED**. The Plaintiff's Motion to Amend **(# 499)** his Supplemental Motion for Preliminary Injunction is **DENIED AS MOOT**. The Plaintiff's "Motion for Court to Order Court Officers to Assist Plaintiff In Serving Subpoenas" **(# 501)** is **GRANTED IN PART**, insofar as the Court has clarified the process by which the Plaintiff may obtain service of his subpoenas. The Plaintiff's Motion to Add Defendant Zohn **(# 506)** is **DENIED**. The Plaintiff's Motion to Suppress Deposition **(# 507)** is **DENIED** without prejudice. The Clerk of the Court is to modify the docket to reflect the denial of Docket # 128 pursuant to the Court's September 12, 2008 Order **(#284)**.

Dated this 23d day of February, 2009

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge