IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01712-MSK-MEH

PETER GEORGACARAKOS,

    Plaintiff,

v.

WILEY, *et al.*,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

Pending before the Court is Plaintiff's Motion for Court to Order Marshals Service to Serve Plaintiff Subpoenas [filed March 2, 2009; docket #537]. The matter is fully briefed, and oral argument would not assist the Court in adjudicating the issues.

Plaintiff requests that, pursuant to 28 U.S.C. § 1915(d), the Court order the United States Marshal to serve three subpoenas requesting production of documents. Docket #537. Pursuant to the notice provisions of Fed. R. Civ. P. 45(b)(1), the Court ordered Defendants to respond to Plaintiff's request. Docket #544. Defendants contend that two of the subpoenas (issued to the American Correctional Association[1] and the United States Attorney's Office[2]) are issued to entities supposedly having possession of the requested documents that are located outside of Colorado; therefore, Defendants assert that the subpoenas are not issued from the proper court pursuant to Fed.

---

[1] The American Correctional Association is located in Alexandria, Virginia.

[2] The Plaintiff requests documents concerning the prosecution of a murder at the U.S.P. in Lewisburg, Pennsylvania in November 1996.

R. Civ. P. 45(a)(2). Plaintiff's only reply is that Defendants' argument is "nonsensical."

To the extent that Plaintiff requests production of documents in the possession of entities located outside of Colorado, his subpoenas are improper and may not issue from this Court. *See* Fed. R. Civ. P. 45(a)(2)(C); *see also Falicia v. Advanced Tenant Servs., Inc.*, 235 F.R.D. 5, 11 (D.D.C. 2006) (finding that the court in Washington, D.C. could not issue a subpoena that required production in Maryland). Therefore, Plaintiff's request that this Court order the Marshal to serve his subpoenas on the American Correctional Association in Virginia and the United States Attorney's Office in Pennsylvania is denied.

Plaintiff also requests service of a subpoena issued to the Bureau of Prisons, FCC, Florence, which is a party in this action, for production of photographs of certain areas of United States Penitentiary-Administrative Maximum (ADX) facility. Defendants argue that, since the request is directed at a party and discovery closed on March 2, 2009, the subpoena should not be issued. Moreover, Defendants contend that the requested documents do not exist. Plaintiff replies that the photographs would be of the "prisoners' areas, and thus pose no security issue," and that the photographs are "essential to deciding this case in any dispositive manner." In addition, Plaintiff asserts that this Court suggested, during a December 10, 2008 hearing, that a subpoena would be a more apt way to procure photographs than discovery.

As to Plaintiff's last assertion, the Court made no such suggestion but can perceive where a misunderstanding may have occurred. The following exchange took place between the Court and Plaintiff on December 10, 2008:

> MR. GEORGACARAKOS: Yes. I mean, I would be allowed, I assume, to obtain pictures and policies through another process?
> THE COURT: Well, you can subpoena. You can obtain through requests those documents that are in the custody – possession, custody or control of a party. All

> you have to do --
> MR. GEORGACARAKOS: Right.
> THE COURT: -- you just have to request those. If they're outside the control, possession, custody of a party, then you use the Rule 45 subpoena process.

Docket #532 at 8. Through the exchange, the Court explained to Plaintiff that he could simply request through discovery any documents in the possession, custody or control of a party. The Court then explained that for documents outside the possession, custody or control of a party, Plaintiff needed to use the subpoena process. The Court understands that the Plaintiff may have inferred from the exchange that photographs, which may not exist and, thus, are "outside" the possession of Defendants, would need to be requested through a subpoena.

Plaintiff misunderstands the meaning of "outside"; documents that are outside the possession, custody or control of a party, but within the possession, custody or control of a non-party (outside the litigation), may be requested through the Rule 45 subpoena process. In fact, Rule 45(d)(1)(A) provides, "[a] person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business . . . ." Thus, if a requested document is not in the possession of a party or non-party, such person need not create the non-existent document. *See* Fed. R. Civ. P. 34(a)(1) (2008); *see also Insituform Techs., Inc. v. Cat Contracting, Inc.*, 168 F.R.D. 630, 633 (N.D. Ill. 1996) (Rule 45 "does not contemplate that a non-party will be forced to create documents that do not exist").

Here, Defendants provided a Declaration of Dianna Krist, Special Investigative Agent at the ADX facility, in which Ms. Krist asserts that the requested photographs do not exist, and that the production of such photographs, if they existed, would jeopardize the safety, security and orderly operation of the facility. Plaintiff replies, in a conclusory fashion, that the photographs would pose no security risk and are essential for the disposition of his matter.

The Court finds that the subpoena issued to the Bureau of Prisons does not comply with Fed. R. Civ. P. 45, as it would be issued to a party in this case. Moreover, the Court finds that Plaintiff may not request, either through discovery or subpoena, documents that are not in the possession, custody or control of a party or non-party. To the extent that the requested photographs do not exist, even if the request had been made through a Rule 34 request for production of documents, the Bureau of Prisons is not required to create them in this matter. Therefore, Plaintiff's request that the Court order the Marshal to serve his subpoena on the Bureau of Prisons is denied.

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion for Court to Order Marshals Service to Serve Plaintiff Subpoenas [filed March 2, 2009; docket #537] is **denied**.

Dated at Denver, Colorado, this 3rd day of April, 2009.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge