IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01712-MSK-MEH

PETER GEORGACARAKOS,

    Plaintiff,

v.

WILEY, *et al.*,

    Defendants.

---

# RECOMMENDATION ON PLAINTIFF'S SECOND SUPPLEMENTAL MOTION FOR PRELIMINARY INJUNCTION

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's second Supplemental Motion for Preliminary Injunction [filed June 11, 2009; docket #678]. In accordance with the Court's Order, Defendants filed a response and Plaintiff has filed a reply. By Order of Reference to United States Magistrate Judge, the motion has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(a) and (b). Oral argument will not materially assist the Court in its analysis of this matter. For reasons set forth below, this Court recommends that the District Court **deny** the second Supplemental Motion for Preliminary Injunction.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985);

**I.     Background**

The factual background of this case has been described in various pleadings and orders in this case and, thus, need not be repeated here. However, in light of the fact that Plaintiff has filed a number of motions seeking preliminary injunctive relief in this case, a recitation of the procedural history may prove helpful.

On October 29, 2007, Plaintiff filed his first motion for preliminary injunction asserting that he was suffering irreparable harm due to Defendants' alleged discriminatory conduct in transferring him to the "general population" of the ADX in 2003 upon his release from the special housing unit, rather than transferring him out of the ADX altogether, pursuant to Program Statement 5100.08. *See* docket #16. This Court held an evidentiary hearing and issued a recommendation on May 1, 2008 that the motion be denied. Docket #144. On September 12, 2008, Judge Krieger adopted the recommendation in part finding that much of the magistrate judge's analysis was unnecessary since the only relevant inquiry, for purposes of a request for preliminary injunction, was (and is) whether the Plaintiff is <u>currently</u> entitled to a transfer under the BOP policies. Docket #284 at 39-40. The District Court reasoned that the issue whether he was deprived of a transfer he was entitled at some point in the past is not an issue that can be remedied by a preliminary injunction, but rather by declaratory or monetary relief. *Id.* Judge Krieger found that, upon review of the record, the BOP had recently classified Plaintiff at a high security classification level; therefore, he was not entitled to a transfer under BOP policies. *Id.* The District Court denied Plaintiff's motion.

Shortly thereafter, on September 24, 2008, Plaintiff filed his first "Supplemental Motion for Preliminary Injunction" [docket #297], which Judge Krieger construed as a motion seeking reconsideration of her September 12, 2008 ruling. On February 23, 2009, Judge Krieger denied the

---

*Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

motion finding that it raised arguments that had already been considered and rejected by the Court, or raised new arguments, which were not proper grounds for a Rule 59(e) motion. Docket #518 at 7.

Before the Court's February 23, 2009 ruling, Plaintiff filed a "Second Supplemental Motion for Preliminary Injunction," which Judge Krieger referred to this Court for disposition. *See* docket #484 and #485. This Court denied the motion without prejudice for failure to request leave to supplement the original motion and to demonstrate how the motion was different than the first motion. Docket #487.

On April 14, 2009, Plaintiff filed a second Motion for Preliminary Injunction, asserting that he was "in possession of new evidence of discrimination and unequal treatment" and, therefore, was entitled to a preliminary injunction against Defendants. Docket #637. On June 10, 2009, Judge Krieger denied the motion without prejudice finding that Plaintiff failed to articulate what actual injunctive relief the Plaintiff was seeking in the motion. Docket #675 at 26-27. The Court permitted the Plaintiff to file "a motion which more precisely states the relief he requests." *Id.* at 27.

Consequently, the Plaintiff filed the within "Supplemental Motion for Preliminary Injunction," seeking an order requiring the BOP to initiate the transfer he claims he should have received in 2003. Docket #678 at 5.

**II.     Analysis**

Although he was ordered to file a new motion including within it a precise statement for requested relief, the instant motion focuses primarily on the relief Plaintiff seeks through his request for preliminary injunctive relief; therefore, the Court will construe his pleadings liberally and consider the arguments raised in both the second Motion for Preliminary Injunction and the within "supplemental" motion.

To be entitled to a preliminary injunction or a temporary restraining order pursuant to Fed. R. Civ. P. 65, the moving party must establish: "(1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest." *Kikumura v. Hurley,* 242 F.3d 950, 955 (10th Cir. 2001) (citation omitted). "As a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *SCFC ILC, Inc. v. Visa USA, Inc.,* 936 F.2d 1096, 1098 (10th Cir. 1991).

Because the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, the Tenth Circuit has identified the following three types of specifically disfavored preliminary injunctions: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits. *Schrier v. Univ. of Colo.,* 427 F.3d 1253, 1258-59 (10th Cir. 2005) (internal quotation marks and citations omitted). "Such disfavored injunctions must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Schrier,* 427 F.3d at 1259.

Plaintiff argues that he is entitled to a preliminary injunction (requiring the Defendants to initiate a transfer he claims he should have received in March 2003) based upon "new" evidence of discrimination, which actually appears to be information and documents the Plaintiff has obtained through discovery that he believes support his religious discrimination claims. *See* docket #637 and attachments. Plaintiff does not allege any new incidents of discrimination or unequal treatment (as might support the filing of a second request of preliminary injunction), nor does he demonstrate how

4

he is <u>currently</u> entitled to a transfer under BOP policies, as required by Judge Krieger's September 12, 2008 order.  Moreover, the Plaintiff contends that he is not seeking a "mandatory" injunction by seeking a transfer out of the ADX; however, Judge Krieger found specifically that "[a] request that the Court direct the transfer of the Plaintiff to another facility entirely seeks mandatory, not prohibitory relief, and thus, does not request a *status quo* injunction."  Docket #284 at 38.

Consequently, this Court finds that Plaintiff has not met the requirements necessary to "support the granting of a remedy that is extraordinary even in the normal course." *Schrier,* 427 F.3d at 1259. Therefore, the Court recommends that Plaintiff's motion be denied.

### III.   Conclusion

Because Plaintiff has failed to satisfy the requirements necessary to issue a preliminary injunction in this matter, his second request for a preliminary injunction should be denied. Accordingly, the Court RECOMMENDS that Plaintiff's second Supplemental Motion for Preliminary Injunction [filed June 11, 2009; docket #678] be **denied**.

Dated at Denver, Colorado, this 1st day of October, 2009.

                                          BY THE COURT:

                                          */s/ Michael E. Hegarty*

                                          Michael E. Hegarty
                                          United States Magistrate Judge