IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01712-MSK-MEH

PETER GEORGACARAKOS,

    Plaintiff,

v.

WILEY, *et al.*,

    Defendants.

---

**ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY
AND FOR PRIVACY ACT ORDER**

---

Pending before the Court is Plaintiff's Motion to Compel Discovery and for Privacy Act Order ("Motion to Compel") [filed April 14, 2010; docket #819] and Plaintiff's Motion to Strike Defendants' Response to Motion to Compel [filed May 6, 2010; docket #828]. These matters are briefed and have been referred to this Court. Oral argument would not materially assist the Court in adjudicating the motions. For the following reasons, the Motion to Compel is **granted in part** and **denied in part** and the Motion to Strike is **denied**.

The Motion to Compel concerns Plaintiff's Equal Protection claim, in which he contends the following: Certain Muslim inmates were sent to the Florence, Colorado Administrative Detention Center (ADX), United States Bureau of Prisons, as a result of the same conduct for which he was assigned to the ADX, but that these Muslim inmates eventually obtained security classification scores that allowed them to be transferred out to a medium security facility, while Plaintiff, a non-Muslim with a lower security classification score, remains at the ADX. On March 30, 2010, Judge Krieger provisionally granted summary judgment for Defendants on this claim, subject to my

decision on the within Motion to Compel. If some relief is granted to Plaintiff, then the parties will be given another opportunity to submit motions for summary judgment on this claim. If I deny the Motion to Compel, the provisional grant of summary judgment becomes final. I find that some relief for Plaintiff is appropriate.

On June 3, 2009, Defendants (including the Bureau of Prisons) objected to Plaintiff's request for production of documents seeking Form BP-338s for each of the following, allegedly Muslim, inmates: Jermaine Padgett, Lamont Reddick, Mannix White, Troy Giles, Daman Cook, Larry Green, and Albert Reed. These BP-338s would supposedly show security classification information for the Muslim inmates and assist in determining what their classification scores were. In response to the Motion to Compel, Defendants allege that providing this information would violate the privacy rights of these inmates, and such information is not permitted to be in Plaintiff's possession due to inmate safety concerns (including, among other things, Defendants allegation that Plaintiff has been found guilty of killing another inmate based in part on the victim's Muslim beliefs).[1]

In Judge Krieger's Order on the motion for summary judgment, she stated in relevant part:

> [T]o show that the Muslim inmates were treated more favorably, the Plaintiff would have to show, at a minimum, that the Muslim inmates had total classification scores at least as high as his own and, to the extent that public safety factors can modify the result dictated by scores alone, that the Muslim inmates had similar or more severe public safety factors.

Docket # 810 at 19. Plaintiff has requested, and has been denied, this information. Although Plaintiff's discovery requests, and Defendants' objections, occurred many months ago, I do not believe it appropriate to deny the Motion to Compel based on timeliness, as Judge Krieger

---

[1] Defendants make other arguments that the Court does not find persuasive, including the fact that the Muslim inmates were transferred several years before Plaintiff, and that the information is not relevant.

2

specifically authorized the process that Plaintiff is currently undertaking. I also do not accept Defendants' argument that the individuals do not have possession, custody or control of the relevant documents; as far as the record is concerned, the Bureau of Prisons remains a Defendant in this case, and it has custody of any relevant records.

I do agree with the Defendants' security concerns. Therefore, I will require the Bureau to provide the following information for the four inmates[2] it alleges were ostensibly similarly situated.

1. The date the inmate was assigned to the ADX control unit.

2. The basis for the inmate's transfer to the ADX control unit.

3. The inmate's total classification score.

4. The inmate's public safety factors.

5. The inmate's "assigned out" date.

6. The basis for the inmate's transfer out of the control unit at the ADX.

7. Whether the inmate was transferred to a lower classification status.

In their discovery response the inmates may be denominated by Defendants as "Muslim Inmate #1," "Muslim Inmate #2," Muslim Inmate #3," and "Muslim Inmate #4."

The Court will hold a hearing on Thursday, **May 27, 2010, at 10:00 a.m.** to address any Privacy Act concerns and to fashion an appropriate remedy, if necessary, to protect this information. The Plaintiff and his case manager, if any, may appear at this hearing by telephone by calling my Chambers at (303) 844-4507 at the appointed time. Defendants need not produce the information discussed above prior to the hearing.

---

[2] Defendants contend that two of the listed inmates were never in the control unit at the ADX, and another one was never in the ADX. I will accept this contention at face value.

With respect to the Motion to Strike, I find that Defendants' oversight in failing to append a copy of an unpublished decision, which Defendants cite for the standard governing "overly broad" discovery, is harmless and does not justify the requested harsh sanction. The Defendants have since remedied the oversight and provided Plaintiff with a copy of the decision. *See* docket #831. Therefore, the motion is denied.

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion to Strike Defendants' Response to Motion to Compel [filed May 6, 2010; docket #828] is **denied** and Plaintiff's Motion to Compel [filed April 14, 2010; docket #819] is **granted in part** and **denied in part** as specified herein. It is further ORDERED that the Court will hold a hearing on implementation of this Order on **May 27, 2010, at 10:00 a.m.**

Dated at Denver, Colorado, this 12th day of May, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge