IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01712-MSK-MEH

PETER GEORGACARAKOS,

    Plaintiff,

v.

WILEY, *et al.*,

    Defendants.
_____

**SUPPLEMENTAL ORDER ON PLAINTIFF'S MOTION TO COMPEL
DISCOVERY AND FOR PRIVACY ACT ORDER**
_____

    On May 12, 2010, I entered an Order [docket # 833] granting in part and denying in part Plaintiff's Motion to Compel Discovery and for Privacy Act Order ("Motion to Compel") [docket #819]. I then set the matter for a hearing on May 27, 2010 to discuss Defendants' compliance with the Order. I held that hearing today, at which it became clear that Defendants could not produce the documents that I ordered produced (specifically, the BP-338s of the four comparator Muslim inmates who Plaintiff alleges were treated more favorably than he was treated, an allegation that goes to his Equal Protection claim[1]). I continue to believe that information about the comparator inmates is relevant as framed in Judge Krieger's March 30, 2010 order on summary judgment. Thus, as a substitute for the BP-338s, the best manner to recreate the information (and the method to which Plaintiff agreed) is a deposition upon written questions to the Bureau of Prisons, pursuant to Fed. R. Civ. P. 31(a)(4), answering the following questions for each of the four comparator

---

[1] Defendants established that the relevant BP-338s are destroyed on a yearly basis and, thus, the BP-338s for the comparator inmates from 2003 are not available.

Muslim inmates:

1. The date the inmate was assigned to the ADX control unit.

2. The basis for the inmate's transfer to the ADX control unit.

3. The inmate's total classification score.

4. The inmate's public safety factors.

5. The inmate's "assigned out" date.

6. The basis for the inmate's transfer out of the control unit at the ADX.

7. Whether the inmate was transferred to a lower classification status.

8. The basis for the inmate's transfer out of USP Florence.

9. A detailed description of all incident reports the inmate received while in the Control Unit of the ADX.

As I addressed in my previous order, in Defendants' discovery responses, the inmates may be denominated as "Muslim Inmate #1," "Muslim Inmate #2," Muslim Inmate #3," and "Muslim Inmate #4."

Defendants' only objection to this procedure is that, because the four comparator inmates were released from the ADX Control Unit in 2003, any claim arising from their transfer would be barred by the statute of limitations and, thus, the information is legally irrelevant.

The Plaintiff's claims here are governed by a two-year statute of limitations. The Defendants cite Judge Krieger's September 12, 2008 order on their motions to dismiss [docket #284] at 16: "Plaintiff commenced this action on August 7, 2007, and thus, only those events occurring on or after August 7, 2005 would be timely." Judge Krieger also stated at 24: "Thus, to the extent that the Plaintiff's claims of religious discrimination arise from acts that occurred prior to August 7, 2005, Claim 2 [the Equal Protection claim] is untimely." However, Judge Krieger then concluded:

"Accordingly, that portion of the Defendants' Motion to Dismiss premised upon the untimeliness of the Plaintiff's claims is denied without prejudice, and a timeliness defense can be raised with more specificity at the summary judgment stage."

Unfortunately for Defendants, Judge Krieger found, in her order on summary judgment issued March 30, 2010 [docket #810]:

> The Amended Complaint appears to allege that the Muslims began leaving ADX as early as 2003, and the Defendants premise their statute of limitations argument on this point. Given the lack of meaningful factual development on this issue – such as identification of the dates upon which the last of the Muslim inmates left ADX, which in turn would suggest the accrual of the Plaintiff's Equal Protection claim – the Court declines to address the limitations argument at this time.

Although Judge Krieger left open the possibility of additional briefing on the merits of the Equal Protection claim depending upon my decision on the Motion to Compel, my reading of her order does not lead me to believe that she invited additional briefing on the issue of the statute of limitations. She may do so, of course, on her own initiative or at the Defendants' request, but for the moment, I cannot find that the limitations period acts to render irrelevant the information about comparator inmates, which Judge Krieger, in her March 30, 2010 order, found relevant to the Equal Protection claim.

At the May 27, 2010 hearing, Defendants expressed an intention to appeal my ruling authorizing a deposition upon written questions. They requested a stay of my ruling pending their appeal to Judge Krieger. I agree. Therefore, Defendants' responses to the deposition upon written questions will be due 30 days after Judge Krieger's order on Defendants' objections, to the extent that Judge Krieger does not overrule my conclusion.

Dated at Denver, Colorado, this 27th day of May, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge