IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01712-RBJ-MEH

PETER GEORGACARAKOS,

    Plaintiff,

v.

WILEY, *et al.*,

    Defendants.

___

# ORDER FOR SUPPLEMENTAL BRIEFING
___

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is a Third Motion for Summary Judgment filed by Defendants Bureau of Prisons, Madison, Heim, Sudlow, Fenlon, Collins and Wiley [docket #864]. It appears that, according to the District Court, the sole remaining claim in this case arises "as part of the Amended Complaint's second claim for relief," and is raised pursuant to the Fifth Amendment's provision for equal protection. *See* docket #862 at 6-7, 29. Specifically, in a portion of Claim 2 of the Amended Complaint, the Plaintiff alleges that certain Defendants "falsely classified Plaintiff's religion, Paganism, as 'white supremacy,' [and] kept him in solitary confinement for years while releasing similarly-situated prisoners of other religions – all with worse criminal and prison histories – to regular penitentiaries, based exclusively on his religion." Amended Complaint, 5a, docket #100.

    It also appears from the briefing on the present motion that there is some confusion by the parties about which claim(s) and/or Defendant(s) remain in the case. For example, the Plaintiff proffers arguments concerning a "conspiracy," which pertains to allegations stated in Claim 1 of the Amended Complaint. *Id.* at 4a-4b. Likewise, the present motion is brought by certain Defendants

who are identified in Claim 1 of the Amended Complaint, but who are not named in the portion of Plaintiff's Claim 2 that apparently remains in this case according to Judge Krieger (hereinafter, "Claim 2") – Madison, Heim, Sudlow, Fenlon and Collins. *See id.*[1]; *see also* Motion, docket #864. Rather, for Claim 2, Plaintiff specifically identifies Defendants Wiley, Nalley, Watts, Herschberger, Pugh, Hood, "8 Unknown Executive Panel Officers," and the Bureau of Prisons ("BOP")[2] as those allegedly responsible for the claimed religious discrimination. Amended Complaint, 5a, docket #100. Defendants are correct that Defendants Nalley and Watts were subsequently dismissed from this action by the District Court for lack of personal jurisdiction. *See* September 12, 2008 Order, docket #284 (also dismissing "8 Unknown Executive Panel Officers"). However, it is unclear whether Defendants Herschberger, Pugh and Hood were specifically dismissed in the District Court's March 30, 2010 order (*see* Motion, 1 n. 1, docket #864); in fact, the order mentions nothing about the dismissal of any particular Defendant.[3]  *See* March 30, 2010 Order, docket #810.

---

[1] The Court also notes that the Final Pretrial Order, dated July 6, 2009, lists the claims remaining at that time, including what is characterized as Claim 1.B. under "Elements" and as Claim 1(a) under "defense" to Plaintiff's claim for conspiracy to violate Plaintiff's equal protection rights. Docket #723 at 2-3. In addition, for Claim 2, the equal protection/religious discrimination claim is not listed under "Elements," but it is characterized as Claim 2(a) under the "defense" to the claim. *Id.* at 5-6. The Defendants are not individually identified for each claim listed in the Final Pretrial Order.

[2] Although Plaintiff does not mention the BOP specifically in the facts section of Claim 2 in the Amended Complaint, construing the pleading liberally, Plaintiff identifies the "municipalities," in his Request for Relief, presumably referring to the BOP. *See* Amended Complaint, 11b, docket #100.

[3] With the understanding that Claim 2 is the sole remaining claim in this case, this Court reviewed the extensive 875-docket entry record in an attempt to discover the reason Madison, Heim, Sudlow, Fenlon and Collins are named as Defendants bringing the present motion for summary judgment. While the Court found nothing in the record substituting as parties Herschberger, Pugh and Hood with Madison, Heim, Sudlow, Fenlon and Collins with respect to Claim 2, the Court found an exhibit created by Defendants in support of their Second Motion for Summary Judgment that purportedly summarizes Plaintiff's claims and lists Defendants' stated

Consequently, this Court finds that supplemental briefing by the parties is necessary to clarify their positions as to two issues: (1) whether the conspiracy claim remains pending in the case; and (2) which Defendants remain in the case following Judge Krieger's substantive orders dated September 12, 2008, March 30, 2010, and March 16, 2011.

Therefore, IT IS ORDERED that on or before **January 13, 2012**, the Plaintiff and Defendants shall each file a supplemental brief, no longer than eight pages, addressing only the issues identified in this order.

Dated this 29th day of December, 2011, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

bases for dismissal of the claims. *See* docket #645-9. In this exhibit, Defendants list Madison, Heim, Sudlow, Fenlon and Collins as the defendants allegedly responsible for the allegations stated in Plaintiff's Claim 2 as having "falsely classified [Plaintiff's] religion and therefore his security level" (*id.* at 6-7); however, this listing appears to contradict the allegations Plaintiff makes in his Amended Complaint.