IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 07-cv-01712-RBJ-MEH

PETER GEORGACARAKOS,

    Plaintiff,

v.

WILEY, *et al.,*

    Defendants.

_____

# ORDER

_____

This matter is before the Court on plaintiff Peter Georgacarakos' Motion "For Court to Consider Duly Submitted Objections to the Recommendation of the Magistrate Judge." [#893]. Defendants filed a response [#896]. The motion is ripe for review.

**Procedural History**

On February 1, 2012 Magistrate Judge Hegarty issued a Recommendation recommending that the Defendants' Third Motion for Summary Judgment be granted, and the only remaining claim should be dismissed. [#886]. Pursuant to Federal Rule of Civil Procedure 72 Mr. Georgacarakos had 14 days from the issuance of Magistrate Judge Hegarty's Recommendation to file a written objection. Magistrate Judge Hegarty's Recommendation notified him of this filing deadline. [#886] at 1. Mr. Georgacarakos did not file an objection within the allotted time, but instead filed a Motion to Continue and a Notice of Change of Address on February 21, 2012 requesting an additional 30 days. [#887]. In light of Mr. Georgacarakos' notice that he moved correctional facilities, the Court granted Mr. Georgacarkos an additional 14 days from February

22, 2012 to file an objection.  Again, no objection was filed.

On March 12, 2012 the Court adopted and affirmed Magistrate Judge Hegarty's Recommendation and granted defendants' motion for summary judgment.  [#889].  Mr. Georgacarakos' only surviving claim was dismissed with prejudice and a Final Judgment was entered by the Clerk of Court on March 15, 2012.  [#890].  On March 19, 2012 Mr. Georgacarakos filed an objection to Magistrate Judge Hegarty's Recommendation [#891].  The Court found that Mr. Georgacarakos' objection was untimely and moot and stated that "[i]f Mr. Georgacarakos wishes to pursue an appeal from the judgment of dismissal and/or from any previous orders in this case he should consult the Federal Rules of Appellate Procedure, in particular Rules 4 and 24, and 28 U.S.C. § 1915."  [#892].

Now, Mr. Georgacarkos has filed a "Motion for [the] Court to Consider Duly Submitted Objections to the Recommendations of the Magistrate Judge." [#893].  Defendants have filed a Response [#896].

**Conclusions**

In his current motion Mr. Georgacarakos asks that the Court consider his objection to Magistrate Judge Hegarty's Recommendation.  Mr. Georgacarkos argues that he assumed he would receive the additional 30 day extension to file his objection because he was in transit between correctional facilities, but the Court only granted him 14 additional days.  Mr. Georgacarakos also contends that he did not receive his legal files until March 6, 2012, the same day the Court issued its' order.  Mr. Georgacarakos further contends that when he received his property from the correctional facility it was in total disarray and pages were missing or destroyed.  Mr. Georgacarakos was also not able to obtain carbon paper or make copies.  Finally, Mr. Georgacarakos argues that Magistrate Judge Hegarty's recommendation contained several

factual and legal errors.

Defendants argue, and the Court agrees, that Mr. Georgacarakos' motion is in effect a motion to amend or alter the judgment pursuant to Federal Rule of Civil Procedure 59(e).  As Mr. Georgacarakos' motion was filed within the statutory 28 day period, it is considered timely. A Court may reconsider a judgment on the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

The Court interprets Mr. Georgacarakos' argument to fall under the "manifest injustice" ground.  The Court finds no manifest injustice here.  The Court sympathizes with the hassle and delay associated with moving between correctional facilities, but they do not excuse Mr. Georgacarakos in this instance.  Mr. Georgakarakos wrote his letter requesting additional time just two days before his deadline, which was not received by the Court until several days after the objection deadline had passed.  On February 12, 2012 Mr. Georgacarakos asked for 30 additional days.  That the Court did not grant his request in full does not excuse the lateness of his filing.  Further, even if the Court had granted the full 30 days Mr. Georgacarakos' objection would still have been filed outside of the requested 30 day period.

Mr. Georgacarakos' objection was untimely and moot.  The Court finds no clear error or manifest injustice.  Therefore, Mr. Georgacarakos' motion is denied.  As the Court stated before, if Mr. Georgacarakos wishes to appeal the Court's ruling it should do so in accordance with the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915.

**Order**

Accordingly, plaintiff's Motion for the Court to Consider Duly Submitted Objections

[#893] is DENIED.


DATED this 18th day of October, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge